586 A.2d 1050

**MOTORISTS MUTUAL INSURANCE COMPANY, Petitioner,**

**v.**

**INSURANCE COMMISSIONER OF the COMMONWEALTH of Pennsylvania, Insurance Department, Pennsylvania Assigned Risk Plan, Pennsylvania Assigned Risk Plan Governing Committee, and Arnold Goldstein, Respondents.**

**MOTORISTS MUTUAL INSURANCE COMPANY, Petitioner,**

**v.**

**INSURANCE COMMISSIONER OF the COMMONWEALTH of Pennsylvania, Commonwealth of Pennsylvania Insurance Department, Pennsylvania Assigned Risk Plan, Pennsylvania Assigned Risk Plan Governing Committee, and Robert E. Craig, Respondents.**

Commonwealth Court of Pennsylvania.

Argued Nov. 1, 1990.

Decided Feb. 15, 1991.

Jered L. Hock, Metzger, Wickersham, Knauff & Erb, Harrisburg, for petitioner.

Zella M. Smith, Asst. Counsel, with her, Victoria A. Reider, Deputy Chief Counsel, and Linda J. Wells, Chief Counsel, Harrisburg, for respondent, Ins. Dept. of the Com. of Pennsylvania.

Lewis R. Olshin, Duane, Morris & Heckscher, Philadelphia, for respondent, Pennsylvania Assigned Risk Plan and Pennsylvania Assigned Risk Plan Governing Committee.

Before CRAIG, President Judge, KELLEY, Judge, and BARBIERI, Senior Judge.

CRAIG, President Judge.

Motorists Mutual Insurance Company (Motorists) appeals two separate orders of the Insurance Commissioner (commissioner) affirming decisions of the Pennsylvania Assigned Risk Plan (Plan) Governing Committee which upheld the Plan Administrator's designation of a policy effective date. We affirm.

The Plan's enabling statute, 75 Pa.C.S. § 1741, states: [T]he Insurance Department shall ... adopt a reasonable Assigned Risk Plan for the equitable apportionment among those insurers of applicants for motor vehicle liability insurance who are entitled to, but are unable to procure insurance through ordinary methods....

Thus, the purpose of the Plan is to provide auto insurance for those residents who are unable to afford coverage on the open market.

The commissioner's two orders involve the same legal issue and differ only slightly factually.

In the first case, the commissioner found the following facts: On December 5, 1985, Arnold Goldstein paid $285.00 to the Jim Cassalia Agency for the premium payment on the Plan. On the same day, the Cassalia agency completed an application for the Plan. However, the agency did not mail the application until December 7, 1985.

The commissioner further found that the Plan had assigned the policy to Motorists and had established an effective date of December 8, 1985. On December 6, 1985, a driver operating Rothstein's vehicle hit another vehicle. The Cassalia agency then protested the December 8 assignment to the Plan administrator, who reassigned the effective date of the policy to December 5, 1985. Motorists then made claim payments to Goldstein.

In the second case, the commissioner found that on September 16, 1985, Robert E. Craig paid to the Berks Insurance Agency the premium due under the Plan. The agency completed the Plan application for automobile insurance, and mailed the application sometime between 12:00 and

12:30 p.m. However, the post office postmarked the envelope September 18, 1985.

The Plan processed the application on September 23, 1985, and assigned an effective date of September 19, 1985. On September 17, 1985, Craig was involved in an accident.

On February 26, 1988, Craig petitioned the Plan to change the effective date of coverage to September 16, 1985. On May 12, 1988, the Plan changed the effective date to September 16, 1985.

Motorists appealed the reassigned effective dates to the Plan's Governing Committee. The committee affirmed the administrator's reassignments, basing its decision on the Insurance Department regulation, 31 Pa.Code § 33.29(e). Motorists then appealed to the commissioner, who upheld the committee's decision. Motorists now appeals to this court,[1] seeking to overturn the commissioner's orders.

Motorists asserts that the orders of the commissioner are contrary to § 12A of the Plan's guidelines for assigning an effective date to a policy.

█ Thus the key issue is whether the commissioner properly followed § 33.29(e) rather than § 12 of the Plan's guidelines.

The commissioner's interpretation of § 33.29(e) is that § 12 does not conflict with § 33.29(e). Section 33.29(e) states: "Coverage shall be deemed effective as of the date and time specified in the application *and* according to sections 11, 12, and 14 of the Plan." (Emphasis added.) Motorists asserts that there is an inherent conflict within § 33.29(e) because § 33.29(e) refers to § 12, in that § 12 and § 33.29(e) prescribe different procedural standards for assigning the effective date on the date of application.

Section 12A of the Plan's guidelines states:

1. Our standard of review is limited to determining whether necessary findings are supported by substantial evidence, an error of law was committed, and whether the procedural provisions of the Administrative Agency Law, 2 Pa.C.S. §§ 501–508, or any constitutional rights have been violated. *R.A. Freudig Associates v. Pennsylvania Insurance Department,* 110 Pa.Commonwealth Ct. 311, 532 A.2d 509 (1987).

[T]he Plan shall upon receipt of the application for insurance ... designate a company to which the applicant shall be assigned and shall so advise the applicant and the producer of record and shall state in such notice the date when the coverage shall become effective, which date shall be at 12:01 A.M. on the day following the date of mailing of the application to the Plan as shown by the postmark on the transmittal envelope.

. . . .

Should the applicant require that the coverage applied for become effective at the time of application, the producer of record shall indicate the time and date when coverage is required. The coverages and limits for which the applicant is applying shall become effective as of the time the application is completed provided:

1. the producer of record and the applicant certify, on a form prescribed by the Plan, the date (day, month and year) and time (hour, A.M. or P.M.) that the application was written, and

2. the producer forwards to the Plan Office, no later than the day after the application is written two copies of such form as prescribed by the Plan and simultaneously will supply the applicant with a copy of said affidavit duly executed by the producer, and

3. the producer of record maintains appropriate records of all risk for which he has designated the time and date of coverage and agrees that he will permit inspection or photocopying of such office records by the Plan or by a company representative.

In summary, the guidelines provide that the general rule is that the effective date of coverage begins at 12:01 a.m. of the day following the postmark. An exception to that rule is that coverage may begin on the day the application is filled out if three procedures are followed: (1) the agent certifies on a prescribed form the day and time, (2) forwards the application and (3) records the application. In the present cases, the exception's second procedure was not

followed and therefore under § 12 coverage could not become effective on the date of application.

The commissioner, however, chose to rely upon the regulation, § 33.29(e). Section 33.29(e) states:

If the applicant produces reasonable documentation of payment of the required premium to the producer of record and completion of an application for insurance under the Plan, payment to the producer of record shall be deemed payment to the Plan for the purposes of this subsection. Coverage shall be deemed effective as of the date and time specified in the application *and* according to sections 11, 12, and 14 of the Plan. (Emphasis added.)

Thus, the procedures prescribed by § 33.29(e) for assigning an effective date on the date of application are twofold. The effective date is the date of application if the applicant presents reasonable documentation of:

(1) payment of the premium and;

(2) completion of the application.

The coupled reference to the differing provisions of § 12 creates the confusion. Nevertheless, in the present case, the commissioner found that the applicants complied with the § 33.29(e) procedures for immediate coverage.

Initially, we note that, in *R.A. Freudig Associates,* this court stated:

[A]n agency's interpretation of its own regulations is entitled to controlling weight so long as that interpretation is not clearly erroneous and is consistent with the regulation and with the agency's enabling legislation.

110 Pa.Commonwealth Ct. at 317, 532 A.2d at 513.

A close reading of section 12A reveals that the applicant is subject to the actions of the producer or agent for immediate coverage. The guidelines effectuate immediate coverage provided that:

(1) the *producer* of record and the applicant certify on a form prescribed by the Plan, the date (day, month and year) and time (hour, A.M. or P.M.) that the application was written, and;

(2) the *producer* forwards to' the Plan Office ... two copies of such form ... and simultaneously will supply the applicant with a copy of said affidavit duly executed by the producer, and;

(3) the *producer* of record maintains appropriate records.... (Emphasis added.)

Thus, the effect of the guidelines is that the applicant must depend on the agent's prompt action for immediate coverage. In Goldstein's case, the applicant was denied immediate coverage because the producer did not mail the application promptly. Thus the applicant lost next-day coverage because of the producer's red-tape foul-up. In Craig's case, the postmark did not reflect the date of mailing. However, both applicants complied with § 33.29(e). The commissioner's interpretation of its own regulation eliminates the chance that the producer or an entity beyond the applicant's control may err and deprive the applicant of immediate coverage. Therefore, the commissioner's interpretation is not erroneous and is consistent with the enabling statute.

 Motorists also asserts that the commissioner erred in assigning the burden of proof to Motorists. Motorists argues that the governing committee changed the effective date contrary to the Plan's guidelines, and therefore, that the Plan has the burden to prove the change was proper.

Motorists' argument turns on its interpretation of the regulations. Because we agree with the commissioner's interpretation of its own regulation, the burden was properly upon Motorists to produce evidence that this assignment was not proper.

Accordingly, we affirm the orders of the commissioner. The department, for consistency, should clarify the guidelines promptly.

## ORDER

NOW, February 15, 1991, the decision of the commissioner, No. P87–12–4, March 12, 1990, is affirmed.

## ORDER

NOW, February 15, 1991, the order of the commissioner, No. P89–05–14, dated April 17, 1990, is affirmed.